UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES D. DEANGELO,

    Plaintiff,

v.                                Case No. 3:14cv199/LC/CJK

STACY M. BUTTERFIELD, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2), and a motion for appointment of counsel (doc. 3). Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

    Plaintiff is currently incarcerated at Walton Correctional Institution in Defuniak Springs, Florida. Plaintiff's complaint names as defendants three state court clerks of court (Stacy Butterfield, Clerk of the Circuit Court for Polk County, Florida; Edward Semonian, Clerk of the Circuit Court for Alexandria, Virginia; and the Clerk of the Circuit Court for Franklin County, Pennsylvania), as well as Richard Holcomb,

Commissioner of the Department of Motor Vehicles for the Commonwealth of Virginia. (Doc. 1). Plaintiff asserts no factual allegations, except to identify his state court criminal judgments entered by the Florida, Virginia and Pennsylvania courts.[1] Plaintiff identifies as the sole legal basis for relief the *in forma pauperis* statue, 28 U.S.C. § 1915. Plaintiff seeks to be declared indigent or insolvent under 28 U.S.C. § 1915, in the mistaken belief that such declaration will discharge, or relieve him from paying, the financial assessments, court costs and other monetary obligations imposed by the Florida, Virginia and Pennsylvania state courts in his criminal cases.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Furthermore, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft*

---

[1] Plaintiff's complaint references exhibits, but no exhibits were attached.

Case No: 3:14cv199/LC/CJK

*Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

This district has no relation to the litigation at issue. The events underlying this action arose in Polk County, Florida (located in the Middle District), the State of Virginia and the State of Pennsylvania. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 28th day of April, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).